CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

10/23/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez

DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| PROPERTY DAMAGE SPECIALISTS, INC., | ) | |
| d/b/a PAUL DAVIS RESTORATION OF | ) | |
| NORTHWEST VIRGINIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:18-cv-00069 |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is currently before the court on defendant's motion to dismiss under Federal

Rule of Civil Procedure 12(b)(1) pursuant to the *Colorado River* abstention doctrine. (Dkt. No.

6.) The matter has been fully briefed and argued before the court. The court finds that

abstention is warranted but that staying, rather than dismissing, the case is the proper remedy.

Accordingly, the court will grant defendant's motion to dismiss in part by finding abstention

appropriate, and it will deny the motion in part by staying the case.

## I. INTRODUCTION

Plaintiff Property Damage Specialists (PDS) brought this suit to recover money it alleges

it is due for contract work it performed at the home of Patricia and Jonathan Gibson, property

that was security for a mortgage loan from defendant Wells Fargo. After PDS had started its

work, but before it had finished, the insurer of the property, Nationwide Insurance Company,

issued a check in the amount of $21,331.87. The check was jointly payable to Wells Fargo, the

Gibsons, and PDS. PDS alleges that Wells Fargo promised to remit the funds to PDS but then

failed to do so.

PDS initially filed suit against Wells Fargo and the Gibsons in 2013 in Rockingham County General District Court. It obtained judgment against the Gibsons, who did not appear or participate in the state court action. After a trial was held on April 7, 2014, judgment was entered in favor of Wells Fargo, and PDS appealed that judgment to the Rockingham County Circuit Court. In that court, Wells Fargo sought and received permission to file a new complaint which sought damages in excess of $25,000 on several of its causes of action. Thereafter, Wells Fargo filed a motion for summary judgment, arguing that the $25,000 jurisdictional limit on damages also applied in the circuit court on a de novo appeal and that the amended complaint seeking more than $25,000 deprived the circuit court of jurisdiction. The circuit court heard oral argument on the motion for summary judgment on August 22, 2017, and, according to Wells Fargo, the court stated that it was taking the motion under advisement. Two days later, PDS requested a voluntary nonsuit. Despite Wells Fargo's objection, the court orally granted the motion, and in October 2017, the court entered a written order granting the nonsuit, denying defendant's motion for summary judgment and continuing the case indefinitely as to the Gibsons.

Wells Fargo filed a petition for appeal from the nonsuit order with the Supreme Court of Virginia on January 24, 2018. The petition for appeal argues that 1) PDS's voluntary, post-appeal amendment of its claim to seek more than $25,000 deprived the circuit court of subject matter jurisdiction to grant a nonsuit, and 2) the circuit court erred in granting PDS's motion for nonsuit after Wells Fargo's motion for summary judgment had been fully briefed, argued, and taken under advisement. (Pet. Appeal 3, Dkt. No. 7-2.) Wells Fargo has since filed a notice in this case informing the court that the Supreme Court of Virginia granted it an appeal in the state action. (Dkt. No. 18.)

PDS filed the instant complaint on April 20, 2018, after the petition for appeal had been filed before the Supreme Court of Virginia, but before it was granted. Much like the state court complaint it filed in the circuit court,[1] PDS's complaint here contains nine counts against Wells Fargo: breach of contract; quantum meruit; breach of fiduciary duty; negligence; conversion; trespass to chattels; tortious interference with contract; business conspiracy; and fraud.

## II. DISCUSSION

As a general rule, "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *All Bus. Solutions, Inc. v. NationsLine, Inc.*, 629 F.Supp.2d 553, 561 (W.D. Va. 2009) (quoting *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005)). Indeed, the United States Supreme Court has emphasized that federal courts have a "virtually unflagging obligation to exercise jurisdiction given to them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), and "'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not,'" *Chase Brexton*, 411 F.3d at 462 (quotations omitted).

Nonetheless, in *Colorado River*, the Supreme Court recognized an "extraordinary and narrow exception" to the rule favoring the exercise of jurisdiction. 424 U.S. at 813. "Quite apart from the important policies underlying the traditional grounds for abstention, *Colorado River*, solely as a matter of judicial administration, permits dismissal of a duplicative federal action when 'wise judicial administration, giving regard to conservation of judicial resources and

---

[1] The state court complaint as amended on June 24, 2014, contained 11 counts, 9 of which named Wells Fargo as a defendant: breach of contract against Patricia Gibson; quantum meruit against the Gibsons; quantum meruit against Wells Fargo; breach of fiduciary duty against Wells Fargo; breach of contract against Wells Fargo; negligence against Wells Fargo; conversion against Wells Fargo; trespass to chattels against Wells Fargo; tortious interference with contract against Wells Fargo; business conspiracy against Wells Fargo; and fraud against Wells Fargo.

comprehensive disposition of litigation' clearly favors abstention." *Chase Brexton*, 411 F.3d at 463 (quoting *Colorado River*, 424 U.S. at 817). Because abstention under *Colorado River* is not based on "weightier concerns of proper constitutional adjudication and federal-state relations," it must be "applied parsimoniously." *Id*. The Fourth Circuit has admonished that district courts "must remain mindful that this form of abstention is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Id*. It must be applied "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207 (4th Cir. 2006) (quoting *Colorado River*, 424 U.S. at 813).

## A. The Federal and State Suits are Parallel.

"The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits." *Gross*, 468 F.3d at 207. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id*. (quoting *Chase Brexton*, 411 F.3d at 464). "State and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies." *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017). The court "must address whether abstention is appropriate based upon the current posture of the state court actions." *Gannett Co. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 745 n.6 (4th Cir. 2002). Abstention may apply only where the federal court "concludes that the parallel state-court litigation will be an adequate vehicle for the *complete* and prompt resolution of the issues between the parties." *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) (emphasis in original) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)).

Wells Fargo argues that the suits are parallel because the state court action and this action involve the same claims (the same nine non-federal causes of action), issues, and parties (Wells Fargo as defendant in both). PDS responds that the suits are not parallel because Wells Fargo is no longer a party to the state court action (based on the nonsuit) and because its state court claims against the Gibsons are contractual in nature, while most of its claims against Wells Fargo here sound in tort. The court rejects PDS's arguments. There is no question that here, "substantially the same parties [are] litigat[ing] substantially the same issues in different forums." *Gross*, 468 F.3d at 207. Furthermore, a writ has been granted by the Supreme Court of Virginia, and issues in that case will be addressed in that court. "[B]ased upon the current posture of the state court action," *Gannet*, 286 F.3d at 745 n.6, the court concludes that the parallel state court case is "an adequate vehicle for the complete and prompt resolution of the issues between the parties," *vonRosenberg*, 849 F.3d at 168.

## B. Wells Fargo Has Overcome the Heavily Weighted Balance in Favor of Retaining Jurisdiction.

"If parallel suits exist, then [the court] must carefully balance several factors with the balance heavily weighted in favor of the exercise of jurisdiction." *Great Am. Ins. Co.*, 468 F.3d at 207 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. 1, 16 (1983)). The Fourth Circuit has developed a six-factor test from *Colorado River* to analyze whether abstention applies to claims seeking relief other than declaratory judgment. *Id.* at 207–08. The six factors are:

(1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others;

(2) whether the federal forum is an inconvenient one;

(3) the desirability of avoiding piecemeal litigation;

(4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action;

(5) whether state law or federal law provides the rule of decision on the merits; and

(6)  the adequacy of the state proceeding to protect the parties' rights.

*Id*.  The court muss assess these factors "holistically, with the balance heavily weighted in favor of the exercise of jurisdiction."  *Mician v. Catanzaro*, No. 2:17-cv-548, 2018 WL 2977398, at *7 (E.D. Va. June 13, 2018) (quotation and citation omitted).[2]

Granted, the first two factors do not favor abstention.  The subject matter of the litigation does not involve res or property over which either court may assume in rem jurisdiction, and the Rockingham Circuit Court and this court are so close (about one-half mile apart) that no one could argue one was convenient, but the other was an inconvenient forum.

Even so, the remaining factors weigh heavily in favor of abstention.  The third factor, specifically the threat of piecemeal litigation, "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett*, 286 F.3d at 744 (quotation marks omitted).  If the Supreme Court of Virginia were to determine that the non-suit was not properly granted, the case would go forward in state court.  Thus, if this court were to exercise jurisdiction, there would be a serious a risk of inconsistent judgments, particularly regarding the parties' arguments as to whether PDS's claims are time-barred.

The fourth factor, the relevant order in which the courts obtained jurisdiction and the progress achieved in each action, "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand."  *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.  The emphasis is not on which complaint was filed first, "but rather in terms of how much progress has been made in the two actions."  *Id.*  Although PDS argues that this factor weighs against abstention because Virginia law treats a nonsuited action as if it had never been filed, the "realities of the case at

---

[2]  In addition, Fourth Circuit cases have adopted dictum in *Moses H. Cone Mem'l Hosp.* as a seventh factor, telling district courts to consider whether the state or federal suit was a contrived or vexatious reaction to the other proceeding.  *McLaughlin v. United Va. Bank*, 955 F.2d 930, 935 (4th Cir. 1992).  Neither party argues this "seventh" factor.

hand" are that the state court action commenced in 2013 and has progressed significantly further than the instant case. Indeed, the appeal in the state matter is now pending before Virginia's highest court.

The fifth factor concerns whether state law or federal law provides the rule of decision on the merits. Here, it is state law. "[T]he presence of state law and the adequacy of state proceedings can be used only in 'rare circumstances' to justify *Colorado River* abstention." *Gannett*, 286 F.3d at 746 (citing *Moses H. Cone*, 460 U.S. at 26). "Federal courts routinely address questions of state law in diversity cases and basing abstention on the presence of state law, *without something more*, would undermine diversity jurisdiction." *Wachovia Bank v. Preston Lake Homes, LLC*, No. 5:09-cv-112, 2010 WL 1872880, at *4 (W.D. Va. May 10, 2010) (citations omitted) (emphasis added). As Wells Fargo points out, however, the limitations at issue regarding a plaintiff's right to nonsuit and the limited statutory jurisdiction of Virginia's general district courts are unique to Virginia law "and may even present issues of first impression." (Def.'s Mem. Supp. 8, Dkt. No. Mot. at 8.) At the very least, Virginia's highest court thought the issues warranted the grant of a discretionary appeal. Thus, the requisite "something more" is present in this case, and it presents a rare circumstance that justifies abstention. *See Gannett*, 286 F.3d at 746.

Finally, the sixth factor requires the court to consider the adequacy of the state proceeding to protect the parties' rights. PDS's argument as to this factor—that Wells Fargo's position is that the state court lacks subject matter jurisdiction, which demonstrates that the state court is not an adequate forum—is unpersuasive. The state proceedings are adequate to adjudicate the present issues and to protect the parties' rights.

Accordingly, having carefully weighed the six factors, the court concludes that Wells Fargo has overcome the heavily weighted balance in favor of retaining jurisdiction and that abstention is appropriate. *See Great Am. Ins. Co.*, 468 F.3d at 207

**C. Having Determined That *Colorado River* Abstention Applies, the Court Determines that the Proper Remedy is a Stay, Not Dismissal.**

PDS argues that, even if the court were to determine that abstention is appropriate, the remedy is to stay the proceedings, rather than to dismiss the case. Wells Fargo argues that dismissal is the appropriate remedy, and it clarified at the hearing that its motion did not seek a stay.

The court agrees with PDS. Traditionally, the court "applie[s] abstention principles to actions 'at law' only to permit a federal court to enter a stay order that *postpones* adjudication of the dispute, not to dismiss the federal suit altogether." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–20 (1996). Relying on this principle, the court has found that, even where abstention is appropriate, dismissing or remanding the case is an inappropriate remedy. *Fowler v. Bizzack, Inc.*, No. 1:14-cv-33, 2014 WL 4385775, at *4 (W.D. Va. Sept. 4, 2014). The court concludes the same in this case.

III. CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Dkt. No. 6) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that the court finds abstention appropriate; it is DENIED in that the court will not dismiss the case, but instead will stay the case. It is hereby ORDERED that this action is STAYED pending the resolution of *Property*

*Damages Specialists, Inc. v. Patricia Gibson, et al.*, No. CL14001096-00, currently on appeal

before the Supreme Court of Virginia as Case No. 180139.

The clerk is directed to provide a copy of this order to all counsel of record.

Entered: October 23, 2018

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge